UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**YEHOSHUA ISRAEL MILLAY**                                                                              **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 4:24-CV-P62-JHM**

**DAVIESS COUNTY DETENTION CENTER** *et al.*                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of Plaintiff's amended complaint (DN 6) pursuant to 28 U.S.C. § 1915A.[1] For the reasons set forth below, the Court will allow one claim to proceed and will provide Plaintiff the opportunity to file a second amended complaint.

**I.**

Plaintiff Yehoshua Israel Millay is incarcerated as a pretrial detainee at Daviess County Detention Center (DCDC). He sues DCDC and DCDC Corrections Officers Dominik Rates and "Webb." He also sues Nurse Rita Ellzey and Nurse Patty, who he indicates are employed as "medical staff" at DCDC. Plaintiff sues Defendant Rates, Webb, Ellzey, and Patty in their official capacities only.

Plaintiff alleges that in November 2023 he developed an infection in his neck and on his head after he used a pair of "contaminated communal hair clippers" distributed by DCDC staff. He states that he began experiencing cold chills and pain in his throat and chest and that he alerted both a correctional officer and Defendant Nurse Patty that he had an infection and a lump the size of a lemon in this throat. He states that Defendant Nurse Patty "failed to take my concerns seriously (Also note, DCDC staff failed to note the obvious lemon size infection on my neck during

---

[1] Plaintiff filed a handwritten complaint (DN 1). Plaintiff then filed a complaint on the Court-supplied § 1983 complaint form, as directed by the Clerk's Office, which was docketed as an amended complaint (DN 6).

rounds, counts, and med calls . . . .).″ Plaintiff states that he began to experience labored breathing and that his condition grew worse.  Plaintiff further states that he reported to a sick call on November 18, 2023, but that he was returned to his cell.  He then  alleges that he requested "DCDC Supervisor intervention" on November 19, 2023, after which he was "returned to sick call.  During this time DCDC medical staff finally agreed to transport me to [the hospital]."  Plaintiff alleges that the emergency room physician told him that he had a life-threatening condition requiring immediate surgery and a "broad spectrum of antibiotics."  Plaintiff states that he was ultimately diagnosed with "MRSA" and hospitalized for several days.

Plaintiff asserts that DCDC's "distribution of communal hair clippers without further guidance, oversight, and adequate means of sterilization" caused him to develop a serious infection.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

3

**A. Daviess County**

Defendant DCDC is not subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Daviess County is the proper Defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). In addition, "[o]fficial capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against the individual Defendants are actually against their employer, which is ostensibly Daviss County.

Upon consideration, the Court will direct the Clerk of Court to add Daviess County as a Defendant in the docket sheet and allow a Fourteenth Amendment claim of deliberate indifference to Plaintiff's health/safety to proceed against Daviess County based upon Plaintiff's inference that DCDC had a custom of distributing communal, unsanitized clippers to inmates and that this custom caused him to contract a bacterial infection resulting in his hospitalization.[2]

**B. Opportunity to Amend**

Plaintiff also alleges that DCDC guards and "medical staff" were deliberately indifferent to his serious medical needs by not recognizing that he had a life-threatening condition before he was transported to the hospital. However, as noted above, Plaintiff only sues Defendants Rates and Webb (correctional officers) and Defendants Ellzey and Patty (nurses) in their official capacities. Nonetheless, before dismissing Plaintiff's claims against these Defendants, the Court will provide Plaintiff the opportunity to file a second amended complaint in which he sues them

---

[2] Because Plaintiff is a pretrial detainee, his claims are governed by the Fourteenth Amendment. *See, e.g.*, *Brawner v. Scott Cnty.*, 14 F. 4th 585 (6th Cir. 2021),

4

in their individual capacities and describes the actions or inactions allegedly taken by each which show their deliberate indifference to Plaintiff's serious medical need. *See Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

## IV.

For the foregoing reasons, **IT IS ORDERED** as follows:

1. **The Court will allow a Fourteenth Amendment claim for deliberate indifference to Plaintiff's health/safety to proceed against Daviess County**.

2. **No later than November 7, 2024**, **Plaintiff may file a second amended complaint in which he sues Defendants Rates, Webb, Ellzey, and Patty in their individual capacities and makes specific allegations explaining how each of these Defendants was deliberately indifferent to his serious medical need.**

3. If Plaintiff timely files a second amended complaint, the Court will review it pursuant to § 1915A. If Plaintiff fails to timely file a second amended complaint, the Court will enter a Service and Scheduling Order to govern Plaintiff's continuing claim against Daviess County.

4. The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the words "Second Amended Complaint" in the caption for Plaintiff to use should he decide to file a second amended complaint as described above.

5. The **Clerk of Court** is further **DIRECTED** to terminate "Daviess County Detention Center" as a party to this action and to add "Daviess County" as a Defendant.

Date: October 8, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Daviess County Attorney
4414.011